| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Dhruv M. Sharma (SBN 279545)<br>dsharma@piteduncan.com<br>Joseph C. Delmotte (SBN 259460)<br>jdelmotte@piteduncan.com<br>**PITE DUNCAN, LLP**<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858) 750-7600<br>Facsimile: (619) 590-1385 | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAR 12 2014**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** beaucham **DEPUTY CLERK** |
|---|---|
| ☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>CA-TRECE ROXANNE MAS'SEY, | CASE NO.: 2:11-bk-35416-WB<br>CHAPTER: 13 |
|---|---|
| | **AMENDED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE:  February 25, 2014<br>TIME:    10:00 a.m.<br>COURTROOM: 1375<br>PLACE:  255 E. Temple Street, Los Angeles, CA  90012 |
| Debtor(s). | |

Movant:   The Bank of New York Mellon Trust Company, National Association as Grantor Trustee of the Protium Master Grantor Trust

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

    Street address:          *6601 Springpark Avenue*
    Unit number:             *#14*
    City, state, zip code:   *Los Angeles, CA, 90056*

    Legal description or document recording number (including county of recording):
    20070588994, LOS ANGELES County of California
    ☐ See attached page.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013                                              Page 1                                              F 4001-1.ORDER.RP

3.  The Motion is granted under: ☐ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)
    ☐ 11 U.S.C. § 362(d)(4)

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
    b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c.  ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5.  ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6.  Movant must not conduct a foreclosure sale before the following date (*specify*): _____

7.  ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8.  ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9.  ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

    ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

    ☐ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                                        Page 2                                        **F 4001-1.ORDER.RP**

10. This court further orders as follows:

   a. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.
   b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-1.RFS.EXT.RELIEF.ATTACH*).
   c. ☒ See attached continuation page for additional provisions.

###

Date: March 12, 2014

*Julia W Brand* (signature)
Julia W. Brand
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*    Page 3    **F 4001-1.ORDER.RP**

# ADEQUATE PROTECTION ATTACHMENT

*(This attachment is the continuation page for paragraph 7 of the Order on the Motion.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $1,499.46 commencing March 1, 2014. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder must be paid to Movant at the following address:

   AMS Servicing, LLC.
   3374 Walden Ave
   Ste 120
   Depew, NY 14043

3. ☒ The Debtor must cure the postpetition default consisting of twelve (12) regular monthly mortgage payments in the amount of $1,375.91 each for January 1, 2013 through December 1, 2013, two (2) regular monthly mortgage payments in the amount of $1,492.86 each for the January 1, 2014 and February 1, 2014, and attorney fees and costs in the amount of $826.00, less suspense balance in the amount of $76.42. Total Default Amount: $20,246.22.

   a. ☒ In equal monthly installments of $1,749.58 each commencing March 15, 2014 and continuing thereafter through and including November 15, 2014.

   b. ☒ By paying the sum of $4,500.00 on or before March 5, 2014,

   c. ☐ By paying the sum of $ _____ on or before _____,

   d. ☐ By paying the sum of $ _____ on or before _____,

   e. ☐ Other *(specify)*:

4. ☒ The Debtor must maintain insurance coverage on the property and must remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor must file a Disclosure Statement and Plan on or before *(specify date)*: _____
   The Disclosure Statement must be approved on or before *(specify date)*: _____
   The Plan must be confirmed on or before *(specify date)*: _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant must serve written notice of default to Debtor and Debtor's attorney, if any. If Debtor fails to cure the default within 14 days after service of such written notice, plus 3 additional days if served by mail:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of three (3) notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013    Page 4    **F 4001-1.ORDER.RP**

default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☐ If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*):

   a. ☒ Debtor shall comply with the terms and conditions of her Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

   b. ☒ Any notice that Movant shall give to Debtor, or Debtor's attorney, pursuant to this Order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. §1692.

   c. ☒ In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay and shall be terminated without further notice, order, or proceedings of the court.

   d. ☒ In the event that Movant is granted relief from the automatic stay, the parties stipulate that the notice requirements of subsections (b) and (c) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure are waived as they relate to Movant's secured claim on the Property.

   e. ☒ Movant's disclosure of its reasonable attorneys' fees and costs in paragraph 3 herein satisfies the notice requirements of subsection (c) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

   f. ☒ The parties agree that the requirement to tender additional payments pursuant to paragraph 3a herein does not constitute a payment change within the meaning of subsection (b) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*    Page 5    **F 4001-1.ORDER.RP**